IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-93-105-CR




DANNY STONE,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE COUNTY COURT AT LAW NO. 2 OF HAYS COUNTY, 



NO. 36435, HONORABLE LINDA A. RODRIGUEZ, JUDGE PRESIDING


 





PER CURIAM

 A jury found appellant guilty of driving while intoxicated. Tex. Rev. Civ. Stat.
Ann. art. 6701l-1 (West Supp. 1994). (1) The county court at law assessed punishment at
incarceration for two years and a $600 fine, but suspended imposition of sentence and placed
appellant on probation.

 On the night of February 15, 1992, Manfred Kremkus and his family were driving
home on a rural Hays County highway when an automobile driven by appellant turned into their
path and collided with them. David Borque of the Hays County Sheriff's Department and Dana
Moore of the Department of Public Safety were called to the scene of the accident. Kremkus,
Borque, and Moore each testified that appellant had a strong odor of alcoholic beverage about his
person. Appellant's eyes were bloodshot, his face was flushed, and he was unsteady on his feet. 
Appellant had urinated in his pants. Moore administered several field sobriety tests on appellant
at the scene, most of which appellant failed. Kremkus, Borque, and Moore were each of the
opinion that appellant was intoxicated. Following his arrest, appellant took an intoxilyzer test that
indicated an alcohol concentration of 0.21.

 In his first point of error, appellant contends the evidence is legally insufficient in
four respects. First, he asserts that the intoxilyzer result was not stated in terms of grams per 210
liters of breath. This assertion is contradicted by a reading of the testimony of Antonio Ortiz, the
technical supervisor responsible for the intoxilyzer machine. Second, appellant complains there
is no evidence that a person with an alcohol concentration of 0.21 would not have the normal use
of his mental faculties by reason of the alcohol concentration. Such evidence is unnecessary, since
an alcohol concentration of 0.10 or more constitutes intoxication as a matter of law. Article
6701l-1(a)(2)(B). Third and fourth, appellant notes the absence of testimony regarding "the
effects of metabolization of the rate of absorption of alcohol in a person's body," and contends
there is no evidence that his alcohol concentration was 0.21 at the time he was driving. We
believe the jury could reasonably infer from the evidence that appellant's alcohol concentration
exceeded 0.10 at the time of the accident. (2) Moreover, the testimony describing appellant's
appearance following the accident is sufficient to establish that he did not at that time have the
normal use of his mental or physical faculties by reason of the introduction of alcohol into his
body. (3) Viewing the evidence in the light most favorable to the verdict, a reasonable trier of fact
could find each element of the offense beyond a reasonable doubt. See Jackson v. Virginia, 443
U.S. 307 (1979); Griffin v. State, 614 S.W.2d 155 (Tex. Crim. App. 1981). Point of error one
is overruled.

 Appellant next complains that the court erred by admitting the intoxilyzer printout
in the absence of the necessary predicate for a business record. Tex. R. Crim. Evid. 803(6). 
This contention does not comport with appellant's objection at trial. Tex. R. App. P. 52(a). 
Point of error two is overruled.

 Appellant contends in another point of error that Kremkus should not have been
permitted to give his opinion as to appellant's intoxication because he did not have an opportunity
to observe the relevant facts. Kremkus testified that he spoke to appellant after the accident and
watched appellant perform the field sobriety tests. We find no merit to appellant's contention and
overrule point of error five.

 Appellant also urges that the trial court should have granted his motion for mistrial
after the State bolstered one of its witnesses during voir dire. The prosecutor told the jury panel
that Ortiz was an expert on the operation of intoxilyzer machines. Appellant's objection was
sustained and the panel was instructed that the expertise of the witness would be determined
during the trial. We believe this admonishment was sufficient to cure any error. Point of error
four is overruled.

 Finally, appellant contends the jury panel should have been discharged because it
was not assembled from a jury wheel containing names taken from driver's license records. Tex.
Gov't Code Ann. § 62.001 (West Supp. 1994). To successfully challenge a criminal conviction
for noncompliance with the Government Code's jury selection procedures, the defendant must
establish that such noncompliance compromised the fairness of his trial. Lewis v. State, 815
S.W.2d 560, 563 (Tex. Crim. App. 1991). Appellant argues that the failure to comply with the
statute was "inherently harmful" and did not "allow for a jury to be picked from a fair
representation of the racial makeup of the County." The record contains no evidence of the racial
makeup of Hays County or of the jury panel. Appellant has not met his burden of establishing
harm. Point of error three is overruled.

 The judgment of conviction is affirmed.


Before Chief Justice Carroll, Justices Aboussie and B. A. Smith

Affirmed

Filed: February 9, 1994

Do Not Publish

1. The amendment to article 6701l-1 effective September 1, 1993, has no bearing on this
cause.
2.   In addition to the testimony of the various witnesses, the jury saw a videotape of
appellant at the scene of the accident taken with a camera mounted in Moore's patrol car.
3.   The jury was authorized to convict appellant on a finding of intoxication under either
statutory definition. Article 6701l-1(a)(2)(A), (B).